L SULLIVAN, J.
This suit arises out of a collision between a car and a Southern Pacific Railroad train in Vinton, Louisiana. Plaintiff, Troy Gene Benoit, propounded a second set of request for admissions upon the Town of Vinton (“the Town”). In responding to the request for admissions, the Town objected to certain ones on the basis of 23 U.S .C. § 409, and others on the basis that they call for a legal conclusion. Plaintiff filed a motion to compel. On February 2, 1999, the trial court held a hearing on plaintiffs motion, granted the motion, and ordered the Town to respond to the discovery request.
The Town filed a supervisory writ application with this court seeking review of the trial court’s judgment granting plaintiffs motion to compel. On March 17,1999, this court issued the following opinion on the Town’s writ application.

WRIT DENIED, IN PART;

WRIT GRANTED AND MADE PEREMPTORY, IN PART:

The trial court did not err in finding the information sought in certain requests for admissions does not fall within 23 U.S.C. § 409. With respect to request number 9, the trial court did not err in ordering relator to respond to the request as it does not call for a legal conclusion. However, as to requests numbers 10, 11, and 16, this court finds those requests require legal conclusions. Therefore, the trial court erred in failing to maintain relator’s objection to requests numbers 10, 11 and 16. Accordingly, the trial court’s judgment is reversed and set aside insofar as it required relator to answer requests numbers 10, 11 and 16. In all other respects, the writ is denied.
The Town filed a writ application with the Louisiana Supreme Court seeking review of this court’s March 17, 1999, decision. The Town’s writ to the Louisiana Supreme Court indicates that the Town has responded to request numbers 6, 7 and 8, and that the Town was seeking review of the portion of this court’s decision which found request numbers 12, 13, 14 and 15 do not fall within 23 U.S.C. § 409. The Town’s writ to the Supreme Court also sought review of the portion of this court’s decision finding request number 9 does not call for a legal conclusion. On September 24, 1999, the Louisiana Supreme Court granted the Town’s writ with the following order.
Granted and remanded to the court of appeal to consider in light of Palacios v. La. & Delta RR Inc., 98-2932 (La.7/2/99) 740 So.2d 95.
In Palacios, supra, the court stated the protection of 23 U.S .C. § 409 applies to:
“(1) reports, surveys, schedules, lists or data,
(2) compiled or collected,
(3) for the purpose of identifying, evaluating, or planning the safety enhancement of ... railway-highway crossings,
(4) pursuant to 23 U.S.C. § 130.
The issue presented in Palacios, swpra was whether DOTD presented evidence sufficient to satisfy the four criteria set forth above.
The plaintiff in Palacios, supra asked for a description of the contents of DOTD’s file on the Monnet Road crossing, and production of any federal inventories, accident histories, or plans for improvements to the crossing. The court in Pa-lacios, | zsupra stated the information sought by plaintiff clearly qualifies as reports, surveys, schedules, lists or data that has been compiled or collected. The court went on to conclude the testimony of the DOTD officials and an examination of the federal mandate of section 130(d) established that this information was gathered in order to identify, evaluate, or plan the safety enhancement of railroad crossings pursuant to section 130.
*1220 The court in Palacios, supra further stated:
There is no requirement, as the court of appeal apparently believed, that the state prove that the information compiled is linked to a particular federally funded safety project in order to qualify for the privilege established by the portion of section 409 that is at issue in this case. To the contrary, the information gathered by the state as part of its general examinations of all railroad crossings in the state, in order for the appropriate state and federal administrators to determine which crossings may need improvement and to qualify for federal funding for these improvements, falls within the protective scope of section 409. Thus, we see no error in the trial court’s ruling that the data at issue is privileged.
As noted previously, the Town’s writ to the Supreme Court sought review of this court’s decision that request numbers 12, 13,14 and 15 do not fall within section 409. Request numbers 12, 13, 14 and 15 are presented below.

Request for Admissions No. 12

The Town of Vinton did not apply for any State or Federal funds for the purpose of maintaining or upgrading the active or passive warning devices or signs at the Horridge Street railroad crossing at any time after January 1, 1980.

Request for Admissions No. IS

The Town of Vinton did not receive any State or Federal funds for the purpose of maintaining or upgrading the active or passive warning devices or signs at the Horridge Street railroad crossing after January 1 1975.

Request for Admissions No. Ik

The Town of Vinton did not expend any State or Federal funds for the purpose of maintaining or upgrading the active or passive warning devices or signs at the Horridge Street railroad crossing after January 1,1975.

Request for Admissions No. 15

The Town of Vinton did not expend any local funds for the purpose of maintaining or upgrading the active or passive devices or signs at the | ¿Horridge Street railroad crossing after January 1, 1975.
The Town argues that it should not be required to answer request numbers 12, 13, 14 and 15 because if the requests are answered in the affirmative, this would imply that reports, surveys, schedules, lists and data were generated which concluded that the crossing was hazardous and warranted an upgrade. On the other hand, plaintiff argues the Town has a statutory duty to properly sign and maintain this crossing, and the information sought by the requests is needed to demonstrate the Town’s failure to fulfill its statutory obligations by failing to take action to address the safety hazards presented by this crossing.
23 U.S.C. § 409 protects reports, surveys, schedules, lists or data compiled or collected for the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings. Request numbers 12, 13, and 14 pertain to whether the Town applied for, received or expended any State or Federal funds for this crossing. Request number 15 asks whether the Town expended any local funds in maintaining or upgrading this cross. This court finds the information sought in request numbers 12, 13,14 and 15 is not the type of information protected under 23 U.S.C. § 409.
As the Supreme Court’s September 24, 1999 order did not address the Town’s assertion in its writ application to the Supreme Court that this court erred in concluding request number 9 does not call for a legal conclusion, this court will not address that issue.
Accordingly, after considering Palacios, supra, this court finds no error in the trial court’s ruling that the information sought *1221 in request numbers 12, 13, 14 and 15 does not fall within 23 U.S.C. § 409.

WRIT DENIED.